FILED

17 JUL -3 PM 1:48

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY____MXN____DEPUTY

1  Roy Tuck
2  1600 E. Vista Way #85
   Vista, CA 92084
   Ph: 760-840-1551
3  roy@atozpalmtreepros.com

4  Plaintiff In Pro Se

5

6

7  **IN THE UNITED STATED DISTRICT COURT**

8  **SOUTHERN DISTRICT OF CALIFORNIA**

9

10  **ROY TUCK,**                        ) Case No. '17 CV 1346 WQH BLM
                                         )
11          Plaintiff,                    ) **COMPLAINT FOR DAMAGES AND**
                                         ) **INJUNCTIVE RELIEF FOR**
12  vs.                                  ) **VIOLATIONS OF THE**
                                         )
13  **CREDIT ONE BANK,**                  ) 1) TELEPHONE CONSUMER PRACTICES ACT
    a foreign corporation, identity unknown, )    (TCPA) 47 U.S.C. §227 et. seq.
14  **SHERMAN FINANCIAL GROUP, LLC,**     )
    a foreign corporation, identity unknown, ) 2) FAIR DEBT COLLECTION PRACTICES ACT
15  **F.N.B.M., LLC,**                    )    (FDCPA) 15 U.S.C. §1692 et seq.
    a foreign corporation, identity unknown, )
16  **LVNV FUNDING, LLC,**               ) 3) FAIR CREDIT REPORTING ACT
    a foreign corporation, identity unknown, )    (FCRA) 15 U.S.C. §1681 et seq.
17  **RESURGENT CAPITOL SERVICES,**      )
    a foreign corporation, identity unknown, ) 4) CALIFORNIA ROSENTHAL FAIR DEBT
18  **EQUIFAX INFORMATION**               )    COLLECTION PRACTICES ACT
    **SOLUTIONS, LLC,**                  )    Civil Code §1788 et seq.
19  a national credit reporting agency [CRA] )
    **TRANS UNION, LLC,**                )
20  a national credit reporting agency [CRA] )
    **EXPERIAN,**                        )
21  a national credit reporting agency [CRA] )
    **Does 1 - 25, inclusively,**         )
22                                       )
            Defendants.                   ) **DEMAND FOR DECLARATORY RELIEF**
23                                       ) **DEMAND FOR JURY TRIAL**
                                         )
24  _____ **COMPLAINT**

25          COMES NOW, ROY TUCK, plaintiff, In Pro Se in the above-entitled case

26  as an individual hereby sues the above-named defendant's and makes the following

27  allegations and claims against **all** of these same said defendant's for strict statutory

28  violations of:

1) The Telephone Communications Practices Act (TCPA) 47 U.S.C.§227 *et. seq*;

2) The Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*;

3) The Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.;*

4) The California Rosenthal Fair Debt Collection Practices Act (RFDCPA) §1788 *et seq.*

## I.   PRELIMINARY STATEMENT

**1.**   Plaintiff ROY TUCK (hereinafter plaintiff "TUCK") contends that all defendant's have violated such laws by repeatedly harassing the plaintiff for the past several months with an *ongoing debt collection campaign* involving numerous illegal attempts to collect an alleged but <u>nonexistent consumer debt never owed to ANY of the Defendant's by the Plaintiff</u>. Defendant's have colluded together on a national level to bilk thousands of unsuspecting vulnerable consumer's out of millions of dollars not owed by them to the defendant's.

The Defendant's use harassment and the leverage/threat that they will place bogus account's on unsuspecting consumers credit reports. The time has come to unravel this national multi agency collusion of companies and LLC's who can avoid prosecution/adjudication and liability by hiding behind the other company or creating confusion amongst the consumer debt collection arena on a national level. Most if not all of what they do is illegal on a statutory level federally.

*Consumers across America* are getting dooped by the thousands every day by the defendant's, they do not conduct proper investigations or re-investigations on disputed consumer accounts, the Defendant's do not cease and desist their collection activities after disputes have been waged, but instead increase their illegal consumer collection activities knowing they can hide behind one of their **many** illegal collection agency entities. It has also been reported that many of the defendant's do not have a license to conduct business/collection activities in the State of California, and have been sued in many states for these very same illegal collection activities.

///

## II.  JURISDICTION AND VENUE

**2.**  Jurisdiction of this Court arises under 47 U.S.C.§227(b)(3) and also 15 U.S.C.§1692(k)(d). <u>All</u> Defendant's have conducted business in the state of California and whether legally licensed to do so or not, therefore personal jurisdiction is established.

**3.**  Venue is proper pursuant to 28 U.S.C.§1391b and California Civil Procedure §3959(a). Venue in this district is proper in that plaintiff TUCK resides in San Diego county, *all* of the defendant's transact daily business here, and the conduct complained of occurred here.

**4.**  This is an action for damages for $38,000.00 U.S. dollars.

## III.  PARTIES

**5.**  Plaintiff TUCK, a native Californian born in Glendale, CA in 1959, is a natural person.

**6.**  Upon information and belief defendant **CREDIT ONE BANK**, (hereinafter "C.O.B.") is a *creditor providing credit card accounts to consumers* all over the United States and beyond. Plaintiff upon internet information and belief believes Defendant C.O.B is **NOT** authorized to do business in California. C.O.B. has it's corporate headquarters located at 586 Pilot Road, Las Vegas, Nevada, 89193-8878.  Upon information and belief the registered *CEO is Robert Dejong*. Defendant C.O.B. is an entity which *professionally collects consumer debts* which among other activities, is a "*furnisher*" of negative consumer credit information **directly** to all three (3) national credit reporting agencies, (hereinafter "CRA'S")

**7.**  Upon information and belief defendant **SHERMAN FINANCIAL GROUP, LLC**, (hereinafter "S.F.G.") is the *corporate owner of named Defendant companies* included in this Complaint, [i.e. <u>Credit One Bank, F.N.B.M. LLC, LVNV Funding, Resurgent Capitol Services</u>. S.F.G. is a *professional consumer debt collection agency*, which amongst other things purchases and collects thousands of alleged consumer debts all over the United States and beyond.  Plaintiff upon

internet information and belief believes Defendant S.F.G. is **NOT** authorized to do business in California. S.F.G.. has it's corporate headquarters located at 200 Meeting Street, Charlston, South Carolina, 29401-3156.  Upon information and belief the registered *CEO is Benjamin W. Novarro*. Defendant is an entity which *professionally collects consumer debts* which among other activities, is a*"furnisher"* of negative consumer credit information **directly** to all three "CRA'S.

      **8.**   Upon information and belief defendant **F.N.B.M.**, is *owned by named foreign Defendant company S.F.G.*  F.N.B.M. is a *professional consumer debt collection agency*, which amongst other things purchases and collects thousands of alleged consumer debts all over the United States and beyond.  Plaintiff upon internet information and belief believes Defendant F.N.B.M. is **NOT** authorized to do business in California F.N.B.M. has it's corporate headquarters located at 2711 Centerville Road, Suite 400, Wilmington, Delaware, 19808.  Upon information and belief that F.N.B.M. is owned by S.F.G. and has the same registered *CEO or Benjamin W. Novarro*. Defendant is an entity which *professionally collects consumer debts* which among other activities, is a*"furnisher"* of negative consumer credit information **directly** to all three "CRA'S.

      **9.**   Upon information and belief defendant **L.V.N.V. FUNDING, LLC,** (hereinafter "L.V.N.V.") , is *owned by named foreign Defendant company* S.F.G. L.V.N.V. is a *professional consumer debt collection agency*, which amongst other things purchases and collects thousands of alleged consumer debts all over the United States and beyond.  Plaintiff upon internet information and belief believes Defendant L.V.N.V. is **NOT** authorized to do business in California. L.V.N.V. has it's corporate headquarters located at 700 Executive Center Drive, Suite 300, Greenville, South Carolina, 29615.  Upon information and belief that L.V.N.V. is owned by S.F.G. with the registered *CEO of Benjamin W. Novarro*. Defendant L.V.N.V. is an entity which *professionally collects consumer debts* which among other activities, is a collector of and "*furnisher*" of positive and

1 | negative consumer credit information **directly** to all three "CRA'S.

2 |     **10.** Upon information and belief defendant **RESURGENT CAPITOL**

3 | **SERVICES**, (hereinafter "R.C.S.") is *owned by named Defendant company S.F.G.*

4 | R.C.S. is a *professional consumer debt collection agency,* which amongst other

5 | things purchases and collects thousands of alleged consumer debts all over the

6 | United States and beyond.  Plaintiff upon internet information and belief believes

7 | Defendant R.C.S. is **NOT** authorized to do business in California R.C.S. has it's

8 | corporate headquarters located at 55 Beattie Place, #110, Greenville, South

9 | Carolina, 29601. Upon information and belief that R.C.S. is owned by S.F.G. but

10 | has a different registered *CEO or Timothy M. Grant*. Defendant is an entity which

11 | *professionally collects consumer debts* which among other activities, is a*"furnisher"*

12 | of negative consumer credit information **directly** to all three "CRA'S.

13 |     **11.** Upon information and belief defendant EQUIFAX INFORMATION

14 | SOLUTIONS, LLC., (hereinafter "E.I.S.") is one the *three largest national CRA'S*

15 | which reports and maintains up to date consumer credit files all over the United

16 | States and beyond, E.I.S. is also authorized to do business in California, with a

17 | corporate headquarters located at 1550 Peachtree Street NE, Atlanta, GA, 30309.

18 | Upon information and belief the registered *CEO is Richard F. Smith*.

19 | Defendant E.I.S. is an entity which among other activities, is a collector and

20 | *"furnisher"* of positive and negative consumer credit information.

21 |     **12.** Upon information and belief defendant TRANS UNION, LLC.,

22 | (hereinafter "T.U.") is one the *three largest national "CRA'S"* which reports and

23 | maintains up to date consumer credit files all over the United States and beyond,

24 | TU is also authorized to do business in California, with a corporate headquarters

25 | located at 555 W. Adams Street, Floors 2-9, Chicago, Illinois, 60661. Upon

26 | information and belief the registered *CEO is James M. Peck*. Defendant TU is an

27 | entity which among other activities, is a collector and *"furnisher"* of positive and

28 | negative consumer credit information.

**13.** Upon information and belief defendant EXPERIAN., is one the *three largest national CRA'S* which reports and maintains up to date consumer credit files all over the United States and beyond, EXPERIAN is also authorized to do business in California, with a corporate headquarters located at 475 Anton Blvd., Costa Mesa, CA. 92626. Upon information and belief the registered *CEO is Brian Cassin*. Defendant EXPERIAN is an entity which among other activities, is a "*furnisher*" of negative consumer credit information.

**14.** DOES 1 thru 25 inclusively, hereto, will be referred to as "credit bureau defendants" or "credit agency defendants", DOES 1-25 are/is a consumer creditor which, among other activities, reports allegedly delinquent consumer debts to credit bureaus and is a "furnisher" of negative consumer credit to credit bureau defendants.

**15.** Defendant's Does 1 thru 25, are individuals and business entities, form unknown, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection. Does 1-25, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, debt collectors and/or creditors who have refused to delete accounts of plaintiff that were procured through identity theft, mixed file or other manner of recording an inaccurate credit account, even after plaintiff has notified them of the false or inaccurate derogatory consumer credit information, and also who have reported such accounts as derogatory credit references to all [3] three CRA'S.

**16.** Plaintiff TUCK does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of defendants sued herein as Does 1 through 25, inclusive, under the provisions of Section §474 of the California Code of Civil Procedure. Plaintiff TUCK is informed and believes and on that basis alleges that defendants Does 1 through 25, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of defendants or as its agents, servants, employees and/or joint

1  ventures and as set forth in this Complaint, and that each of them are legally liable
2  to plaintiff, as set forth below and herein:

3      a)    Said Officers, directors or managing agents of Defendant's C.O.B.,
4  S.F.G., F.N.B.M., L.V.N.V., R.C.S., E.I.S., T.U., EXPERIAN and Does 1-25
5  inclusively, personally acted willfully with respect to the matters alleged in this
6  Complaint;

7      b.    Said Officers, directors or managing agents of Defendant's C.O.B.,
8  S.F.G., F.N.B.M., L.V.N.V., R.C.S., E.I.S., T.U., EXPERIAN and Does 1-25
9  inclusively, personally authorized, approved of, adopted and/or ratified
10 the illegal acts alleged herein, or the agents, servants, employees and/or joint
11 ventures of defendants did so act;

12     c.    Said Officers, directors or managing agents of Defendant's C.O.B.,
13 S.F.G., F.N.B.M., L.V.N.V., R.C.S., E.I.S., T.U., EXPERIAN and Does 1-25
14 inclusively,  personally participated in the acts alleged herein by the Plaintiff;

15     d.    Said Officers, directors or managing agents of Defendant's C.O.B.,
16 S.F.G., F.N.B.M., L.V.N.V., R.C.S., E.I.S., T.U., EXPERIAN and Does 1-25
17 inclusively, inclusively, personally had close supervision of their agents, servants,
18 employees and/or joint ventures of Defendants;

19     e.    Said Officers, directors or managing agents of Defendant's C.O.B.,
20 S.F.G., F.N.B.M., L.V.N.V., R.C.S., E.I.S., T.U., EXPERIAN and Does 1-25
21 inclusively, personally were familiar with the facts regarding the matters
22 alleged herein;

23     f.    Said Officers, directors or managing agents of Defendant's C.O.B.,
24 S.F.G., F.N.B.M., L.V.N.V., R.C.S., E.I.S., T.U., EXPERIAN and Does 1-25
25 inclusively, ***personally failed to properly investigate and re-investigate the***
26 ***circumstances appertaining to the acts alleged herein***. They also failed and
27 refused to repudiate the herein alleged actions and failed to redress the harm done
28 to plaintiff TUCK. Further, said Officers, directors, or managing agents of

Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., E.I.S., T.U., EXPERIAN and Does 1-25 inclusively, failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of the Defendants. Plaintiff will seek leave to amend this Complaint to set forth the true names and capacities of the said fictitiously named Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., E.I.S., T.U., EXPERIAN and Does 1-25 inclusively, as enumerated above, together with appropriate charging allegations, when learned.

17. Plaintiff is informed and believes, and thereon alleges that at all relevant times herein each Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., E.I.S., T.U., EXPERIAN and Does 1-25 inclusively, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other defendant, and in acting as such within the course, scope and authority of such relationship, took some part in acts and omissions hereinafter set forth, by reason of which each defendant is liable to plaintiff for the relief prayed for in this Complaint, and any future Amended Complaint. Further, plaintiff alleges that each act alleged herein, whether by named Defendant's or fictitiously named Defendant's or otherwise, was expressly authorized or ratified, as these terms are used in California Civil Code Section §3294(b), by each and every other Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., E.I.S., T.U., EXPERIAN and Does 1-25 inclusively, herein, whether named or fictitiously named.

18. Collectively, these Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., E.I.S., T.U., EXPERIAN and Does 1-25 inclusively, hereto will be referred to as "credit bureau Defendants" or "credit agency Defendants" - is a consumer creditor which, among other activities, reports allegedly delinquent consumer debts to credit bureaus and is a "*furnisher" of negative consumer credit to credit bureau Defendant's*.

///

## IV.  FACTUAL ALLEGATIONS

**19.**  Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., Does 1-25 inclusively, are *creditors* to *whomever they have established a business relationship with and/or provided services for which they can collect on the account*.

**20.**  Plaintiff TUCK alleges Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., Does 1-25 inclusively, are professional *consumer debt collectors,* and are attempting to collect a *consumer debt*, subject to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*(FDCPA), due to the fact Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., or Does 1-25 inclusively, **did not ever** at **anytime**, **ever** have **any** *established business relationship* with Plaintiff TUCK.

**21.**  Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., Does 1-25 inclusively, are attempting to collect a consumer account that **never belonged to Plaintiff TUCK**.

**22.**  Plaintiff TUCK is a *consumer,* as the *purported alleged debt* is a *consumer debt,* from an *unknown person*.

**23.**  Referring to the preceding paragraphs, because Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., or Does 1-25 inclusively, are all entities which are all *attempting to collect consumer debts from Plaintiff* which Plaintiff did not incur; brings Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., Does 1-25 inclusively, well within the ambit of the California Rosenthal Fair Debt Collection Practices Act Civil Code §1788 *et seq.* ("RFDCPA") .

**24.**  Plaintiff TUCK has ***never had prior or present established relationship*** with Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S. or Does 1-25.

**25.**  Plaintiff TUCK received the very **first** consumer collection call on February 25, 2017. When Plaintiff TUCK answered this **first illegally placed call**, the Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., Does 1-25 employee/staff member explained to him that ["they" Defendant's] were looking for a past/present client of "theirs" who goes by the name of ROY TUCK,

1   ["they" the Defendant's employee ] went on to explain in detail that Mr. TUCK

2   presently owed ["them" Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S

3   and Does 1-25] for past due credit card/collection agency bill[s].

4       **26.**   Plaintiff TUCK informed the person on the phone that "*this phone*

5   *number the Defendant just called was his emergency cell phone number,* and

6   "***he did not ever remember giving this emergency cell phone number to anyone***

7   ***other than his wife and mother***, that he had in past month informed the Defendant

8   companie[s] *verbally and in writing that he disputed the same alleged debt[s]* and

9   Plaintiff TUCK went on to tell that agent/employee/bill collector on this same very

10  **first** illegally placed harassing consumer debt collection call [Plaintiff TUCK

11  having had past experience with debt collection calls and how to demand no further

12  debt collection calls instructed that ] "to never call his emergency cell phone

13  number again" and *did not owe* agent/employee/bill collector's -

14  i.e. Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., Does 1-25 ***any monies***

15  ***at any time EVER***!

16      **27.**   Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25

17  were **instructed verbally during this first illegally placed debt collection call** to

18  not **"ever"** place ANY consumer collection call[s] to him again on his emergency

19  cell phone number." "Plaintiff TUCK during this first illegally placed call revoked

20  [his] consent to ever be called again by the Defendant's, pursuant to- Reardon, 115

21  F. Supp. 3d at 1102].

22      **28.**   Plaintiff TUCK later followed this verbal telephone request up with

23  written certified mailed demands to stop all illegal consumer collection calls to the

24  Plaintiff and to "cease and desist" all further collection activities on all alleged

25  account allegedly owed by Plaintiff TUCK to all Defendant's. All of *these requests*

26  *were ignored by all above-named Defendant's and all requests fell on deaf ears.*

27      **29.**   All [26] twenty six illegally placed calls by the defendant are separate

28  individual strict statutory federal violations. [ *I.e. if I run into your car on Monday*

*and again on Friday, that is two separate violations*].

**30.**   Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 all ignored this verbal request and continued their illegal collection activities for more than [9] nine months to date.  Defendants CO, NCA, and Does 1-25 are presently still placing illegal collection calls to Plaintiff TUCK and using the placing of negative credit lines on his credit reports to illegally leverage TUCK to pay a debt *__he does not owe__*, nor did he ever owe anyone.

**31.**   This alleged debt originated from "identity theft" and was reported and disputed numerous times as identity debt with all three CRA'S. The Defendant's requesting investigations and re-investigations times which went totally ignored and all Defendant's completely failed to cease and desist all further collection activities and in some cases even sold the alleged debt[s] to it's own subsidiary company all owned by Defendant S.F.G in attempts to conceal their illegal collection activities.

**32.**   Plaintiff TUCK, **never**, *at any time*, signed any contracts, nor applied for any credit card[s] nor did he agree to obtain any credit cards [**in his name**] with **any** of the above-named Defendant's.

**33.**   Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 representative on the phone *assured Plaintiff TUCK that a record of the call was made*, their consumer clients name TUCK would be removed from this number, and *that no further calls from* Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 *would be placed to Plaintiff TUCK'S emergency cell phone number 760-840-1551*. To date, Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 has placed more than [26] twenty six illegal consumer debt collection calls to his private emergency cell phone number, **[26] twenty six *of which are active statutory violations placed within the past four (4) years time***.

**34.**   Plaintiff TUCK *has **no** contractual obligation to pay* Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 **anything.**

**35.**   Plaintiff TUCK **has never** given Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 ***express written permission*** to call Plaintiff TUCK'S emergency cellular phone.

**36.**   Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 **have never** _validated or verified the alleged consumer debt[s]_ pursuant to United States statute 15 U.S.C. §1692g, even thought Defendant's were all requested to do so on numerous occasions via written certified letters mailed by Plaintiff TUCK.

**37.**   **All attempts at debt certification/validation by all three CRA'S** went totally ignored by Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25. **Defendant's all failed to conduct proper investigation[s]** and **re-investigations**.

**38.**   _Even up to today's date of the filing of this Complaint_, Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 continue their harassing debt collection campaign, are continuing to illegally report to all [3] three CRA'S [2] two _disputed/bogus_ negative consumer credit lines affiliated with Plaintiff TUCK'S name and social security number, and are continuing to illegally place harassing debt collection calls to Plaintiff TUCK.

**39.**   **This continued illegal debt collection activity** by the Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 is presently _**grossly affecting Plaintiff TUCK'S daily credit worthiness and ability to gain fair housing for the past several months now**_.

**40.**   From July 12, 2016 to the date of the filing of this Complaint Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 illegally placed more than [26] twenty six harassing debt collection calls to TUCK'S emergency San Diego area T-Mobile cell phone 760-840-1551, of which, _**ALL**_ [26] twenty six illegally placed collection calls fall well within the four (4) year TCPA statute of limitation period, [i.e. _four (4) years from when the violation was_ _"first discovered"_]. During the Discovery phase of this trail Plaintiff may seek records going back _at least four years_ - SEE Jenkins v. G.C. Services, Ltd. P'Ship, 2012 WL 1067947, 898, (W.D.N.C. Mar. 29, 2012) —_**defendant ordered to identify date and time of all calls to plaintiff's number for past [4] four years, and whether made by a person or an automatic telephone dialing system**_, ["ATDS" system].

**41.**   From February 25, 2017 to today's date, Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 illegally placed more than [26] twenty six consumer debt collection calls to Plaintiff TUCK'S emergency cell phone, ignoring Plaintiff TUCK's numerous oral and written demands **not** to call Plaintiff's cell phone *after receiving the very first illegally placed call.*

**42.**   These same [26] twenty six consumer collection calls from Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 office number[s] (866) 464-1187 & (864) 248-8700 that were ***inadvertantly/mistakenly/illegally*** placed to Plaintiff TUCK'S emergency cell phone number (760) 840-1551, were all illegally placed using a phone system with automatic telephone dialing system ***"capabilities"***, or, a telephone call with ***artificial and prerecorded voices,*** attempting to collect a consumer debt by leaving a prerecorded message, ***and/or threatening to continue collection actions for nonpayment*** of an alleged consumer debt.

**43.**   Some of the calls from Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 would come toPlaintiff's cell phone, when answered Plaintiff would say "hello", there would follow a pause, then an automated prerecorded message would play, *stating similar*: "If you are? Roy Tuck, Press one". When pressing one, a further message would continue. The call was not made by human hands nor any conversation made with a human being. This is a *separate and distinct damage cause of action* and clear cut *violation[s] of strict liability statutes of the TCPA.*

**44.**   In another attempt to informally settle the above-pled violations Plaintiff TUCK sent [4] four  different written letters to the Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25, the  first mailed by U.S. Certified Mail Receipt # 7014 0510 0001 2049, dated Febraury 04, 2017 - (SEE EXHIBIT "A" attached herein).

**45.**   The second letter (SEE EXHIBIT "B" attached herein) was mailed by U.S. Certified Mail Receipt #7014 0510 0001 2053, dated February 25, 2017.

**46.** The third letter (SEE EXHIBIT "C" attached herein) was mailed and dated April 03, 2017.

**47.** The fourth letter (SEE EXHIBIT "D" attached herein) was a letter with a condition precedent to a damage suit being filed in the Ninth District. All [4] four of these letters were delivered to Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25, and **as of today's date have gone completely un-answered**.

**48.** Plaintiff TUCK assumed that Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 illegal debt collection calls and illegal reporting of negative credit lines on his credit reports would stop or be removed soon after the mailing of the first one or two letters and after the fourth letters Notice's of Intent to Litigate, they did not.

**49.** Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 illegally placed debt collection calls continued *after* Plaintiff notified Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 numerous times over many months to stop.

**50.** Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 intentionally, willfully and knowingly violated multiple strict liability statutes of the Telephone Consumer Protection Act (TCPA) with malice and disregard for the Plaintiff.

**51.** Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 do not care.

**52.** During all the above referenced [26] twenty six illegally placed debt collection calls to Plaintiff TUCK'S emergency cellular phone, Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 staff/personnel *asserted a right which it lacks, to wit, the right to enforce a debt*.

**53.** On all the above-referenced [26] twenty six illegally placed calls to Plaintiff TUCK'S emergency cell phone, Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 *failed to identify that "they" were professional debt collectors attempting to collect a consumer debt.*

**54.**   On all the above-referenced [26] nineteen illegally placed calls to Plaintiff's cellular phone, Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 trespassed on Plaintiff and Plaintiff incurred multiple injuries as his peace was disturbed, Plaintiff's personal time was wasted, Plaintiff was charged for the calls, Plaintiff incurred wear and tear of his emergency cell phone and wear of his cell battery.

## V.   FIRST CAUSE OF ACTION
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## TCPA §227(b)(1)(A) AND §227(b)(1)(A)(iii)
## BY DEFENDANT'S C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25

**55.**   Plaintiff TUCK re-alleges and incorporates by reference the facts and allegations contained in paragraphs 1 through 54 above as though fully set forth herein.

**56.**   This damage is for the more than [26] twenty six illegally placed calls by Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 to Plaintiff's emergency cell phone, [each call a separate distinct individual strict statutory violation of the statute], **[i.e. "If I hit your car on Monday then again in Friday, that's two separate distinct violations].**

**57.**   As a separate and distinct damage and cause of action, Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 has demonstrated intentional and willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) and §227(b)(1)(A)(iii), by continually violating strict liability statute; by the following:

**(TCPA) 47 U.S.C. §227(b)(1)(A) states in part;**

**(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT**

**(1)** PROHIBITIONS - It shall be unlawful for any person within the United States, or person outside the United States if the recipient is inside the United States -

**(A)** to make any call (other than a call made for emergency purposes or made with the prior express written consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice-

**(TCPA) 47 U.S.C. §227(b)(1)(A)(iii) states in part;**

**(1) PROHIBITIONS—** It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

**(A)** to make any call (other than a call made for emergency purposes or made with the prior *express written consent* of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

**(iii)** to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is called for the call;

58.    Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 has at caused/committed at least [26] twenty six separate and distinct TCPA strict statutory violations with their illegal debt collection activities over the past several months using telephone[s] with automatic dialing "capabilities", [ATDS].

**6.9.2a.6 Allegations of Harm in TCPA Cases:**

59.    Plaintiff TUCK hereby SO STATES the following Allegations of Harm pursuant to **TCPA Allegations of Harm 6.9.2a.6** as follows:

- a) Congress enacted the TCPA to prevent real harm, Congress found that "automated" or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

- b) Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 [26] twenty six illegally placed debt collection calls, messages or texts harmed the Plaintiff by causing the very harm that Congress sought to prevent— a "nuisance and invasion of property".

- c) Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 [26] twenty six illegally placed debt collection calls, messages or texts harmed the Plaintiff by trespassing upon and interfering with the Plaintiff's rights and interests in Plaintiff's cellular phone.

- d) Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 [26] twenty six illegally placed debt collection calls, messages or texts harmed the Plaintiff by intruding upon Plaintiff TUCK's seclusion.

- e) Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 [26] twenty six illegally placed debt collection calls, messages or texts harmed the Plaintiff by causing Plaintiff aggravation and annoyance.

- f)  Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 [26] twenty six illegally placed debt collection calls, messages or texts harmed the Plaintiff by wasting Plaintiff's valuable time.

- g)  Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 [26] twenty six illegally placed debt collection calls, messages or texts harmed the Plaintiff by depleting the battery life on Plaintiff's emergency cellular phone.

- h)  Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 [26] twenty six illegally placed debt collection calls, messages or texts harmed the Plaintiff by using [emergency call or text minutes] allocated to Plaintiff by Plaintiff's cellular telephone service provider.

- i)  Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 [26] twenty six illegally placed debt collection calls, messages or texts harmed the Plaintiff by using date storage space in Plaintiff TUCK'S emergency cell phone.

**60.**   Plaintiff TUCK has article III standing.

**61.**   Plaintiff TUCK spoke with Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 about the [26] twenty six illegally placed debt collection calls, and Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 assured Plaintiff that ALL the calls and debt collection attempts would stop. Nothing was farther from the truth, Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 not only refused to cease and desist all communication and illegal phone calls, but instead continued to report the alleged debt[s] to all three national CRA'S, and during this same entire time period continually violating  47 U.S.C. §227 over a more than a [9] nine month period of time.

**62.**  Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 has damaged Plaintiff by violations of 47 U.S.C. §227 as follows:

§227(b)(1)(A) using a phone with automatic dialing system *capabilities* to call TUCK.
§227(b)(1)(A) placing a call to TUCK without an *emergency purpose*.
§227(b)(1)(A) placing a call to TUCK without *express (written)* consent by TUCK.
§227(b)(1)(A) placing a call to TUCK with an *artificial* or *pre-recorded voice*.
§227(b)(3)(B) placing a call to TUCK *without* an *established business relationship*.
§227(b)(1)(A)(iii) placing a call to TUCK for which TUCK is *charged for the call*.
§227(b)(1)(A)(iii) placing a call *without prior express written permission* to call TUCK.

63.     An **un-intentional** call carries a damage amount of $500 for the first **un-intentionally** placed call by Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25. This same first illegally placed *un-intentional call* was made by Defendants C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 on February 25, 2017.

64.     Each and every distinct additional **intentionally** *placed debt collection call* illegally placed by Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 carries a damage amount of $1,500 for each and every additional call illegally placed to the Plaintiff after the first illegally placed call, each additional call is pursuant to 47 U.S.C.§227(b)(3).

65.     Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 have demonstrated willful or knowing non-compliance with 47 U.S.C. §227(b)(1)(A) and §227(b)(1)(A)(iii) by calling the Plaintiff's emergency cell number more than [26] twenty six times **after** their first **intentionally** placed call of February 25, 2017, moreover even **after** being told by Plaintiff TUCK on the very first **intentionally** placed call to **NEVER** call his emergency cell phone number again.

66.     Each individual distinct call placed call by Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 staff after the first unintentional illegal call is subject to **treble** damages or $1,500 for each and every additional call pursuant to 47 U.S.C.§227(b)(3) as each additional call was ***intentional and willful***.

67.     Plaintiff TUCK and Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 (**1**) *NEVER had* an *established business relationship* within the meaning of 47 U.S.C. §227, (**2**) Plaintiff *did not* give Defendant's C.O.B., S.F.G., F.N.B.M.,L.V.N.V., R.C.S and Does 1-25 his personal emergency cell phone number, (**3**) Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 *did not* have *express written permission* to call Plaintiff's emergency cell phone, (**4**) Plaintiff notified Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 *verbally and in writing to stop calling* Plaintiff's emergency cell phones, (5) Plaintiff was charged for each call. Plaintiff is entitled to damages of $1,500 per statutory violation pursuant to 47 U.S.C. §227(b)(3)(C).

**WHEREFORE,** Plaintiff TUCK demands judgement for damages against Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 for statutory damages of $38,000.00, U.S. dollars plus attorneys fees and costs, pursuant to TCPA 47 U.S.C. §227.

## VI.  SECOND CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) 15 U.S.C. §1692 *et seq.* AGAINST DEFENDANTS C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S AND DOES 1-25

**68.**   Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 67 herein.

**69.**   Plaintiff TUCK is a *"consumer"* within the meaning of (FDCPA) 15 U.S.C.*§1692a(3)*.

**70.**   Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 are ALL *"debt collector"*within the meaning of (FDCPA) 15 U.S.C. *§1692a(6)*.

**71.**Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 violations include but are not limited to the following:

**a)**   Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 violated (FDCPA) 15 U.S.C.*§1692c(a)*(1) by contacting plaintiff TUCK at a *time and place known to be inconvenient.*

**b)**   Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 violated (FDCPA) U.S.C. *§1692d by engaging in conduct that the natural consequence of is to harass, abuse, and oppress* plaintiff TUCK.

**c)**   Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 violated (FDCPA) U.S.C.*§1692d(2) by using abusive language in an attempt to collect an alleged debt* from the Plaintiff.

**d)**   Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 violated (FDCPA) U.S.C.*§1692d(5)* when Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 *caused* plaintiff TUCK'S emergency *telephone to ring repeatedly and continuously more than [26] twenty six times over a several month period of time with the intent to annoy, abuse, and harass the Plaintiff.*

**e)**   Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 violated (FDCPA) U.S.C.*§1692e by making false, deceptive and misleading representations in connection with the alleged consumer debt collection[s].*

**f)**   Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 violated (FDCPA) 15 U.S.C. *§1692e(2) by falsely representing the character, amount, or legal status of any debt.*

**g)**   Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 violated (FDCPA) 15 U.S.C.*§1692e(4) by misrepresenting that non-payment of any debt will result in the arrest or imprisonment of any person.*

**h)**   Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 violated (FDCPA) 15 U.S.C.*§1692e(5) for threatening to take any action against the plaintiff that cannot legally be taken or that is not intended to be taken.*

**i)**   Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 violated (FDCPA) 15 U.S.C.§1692e(8) *by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt was disputed and re-disputed.*

**j)**   Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 violated (FDCPA) 15 U.S.C.§1692e(10) *by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

**k)**   Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 violated (FDCPA) 15 U.S.C.§1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) *unless such amount is expressly authorized by the agreement creating the debt or permitted by law.*

**l)**   Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25 violated (FDCPA) 15 U.S.C. §1692g by, *within five (5) days after the initial*

1  communication with plaintiff in connection with the collection of any debt, **failing**

2  to send plaintiff a written notice containing a statement that unless the consumer,

3  within thirty (30) days after receipt of the notice, disputes the validity of the debt, or

4  any portion thereof, the debt will be assumed to be valid by the debt collector;

5  **2**) a statement that if the consumer notifies the debt collector in writing the thirty

6  (30) day period that the debt, or any portion thereof, is disputed, the debt collector

7  will obtain verification of the debt or a copy of a judgement against the consumer

8  and a copy of such verification or judgement will be mailed to the consumer by the

9  debt collector; and a statement that, upon the consumers's written request within the

10  thirty (30) day period, the debt collector will provide the consumer with the name

11  and address of the original creditor, if different from the current creditor.

12      **WHEREFORE,**   Plaintiff, ROY TUCK, respectfully requests judgement be

13  entered against Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S and Does 1-25

14  for the following:

15      **72.**   Declaratory judgement that the Defendant's C.O.B., S.F.G., F.N.B.M.,

16  L.V.N.V., R.C.S and Does 1-25 conduct violated the Fair Debt Collection Practices

17  Act;

18      **73.**   Statutory damages of $1,000.00 for each violation pursuant to the Fair

19  Debt Collection Practices Act 15 U.S.C. *§1692k* .

20      **74.**   Costs and reasonable attorneys fees pursuant to the Fair Debt Collection

21  Practices Act *15 U.S.C. §1692k.*

22      **75.**   Any other relief that this Honorable Court deems appropriate.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

## VII.   THIRD CAUSE OF ACTION
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA),
**15 U.S.C. §1681 et seq. WILLFUL OR NON-COMPLIANCE BY DEFENDANT'S C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., E.I.S., T.U., EXPERIAN and Does 1-25**

**76.**   Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 75 herein.

**77.**   Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S.,and Does 1-25 are professional debt collectors with corporate offices located inside the continental United States.

**78.**   Defendant's E.I.S., T.U., EXPERIAN are all national consumer credit reporting agencies or CRA'S.

**79.**   On or around February 23, 2017, Plaintiff TUCK, who is not a minor, checked his consumer credit report from all three national credit reporting agencies, Experian, Equifax, and Trans Union (collectively "CRAs"), and discovered *at least [3] three* separate and individual consumer credit accounts collectively placed in negative status being reported by Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., E.I.S., T.U., EXPERIAN and Does 1-25 These same negative credit accounts were unfamiliar to Plaintiff TUCK, as he did not recall ever opening them and *he was **never** informed by any of these furnishers of their negative credit reporting.* Three [3] separate examples of these negative accounts were placed on the Plaintiff's consumer credit reports [**PLEASE SEE EXHIBIT "E", "E.1" and "E.2" attached herein**]

**80.**   On several occasions between February and May of 2017 Plaintiff TUCK contacted the Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., E.I.S., T.U., EXPERIAN and Does 1-25 disputing in writing the unknown negative credit accounts being reported by the defendants's  pursuant to 15 U.S.C. §1681s-2(b) (FCRA).

**81.**   On March 06, 2017 and April 25, 2017, following his credit bureau disputes, Plaintiff TUCK sent letters to these same Defendant's C.O.B., S.F.G.,

1  F.N.B.M., L.V.N.V., R.C.S., E.I.S., T.U., EXPERIAN and Does 1-25 in which he

2  **_demanded_** documentation substantiating the existence, ownership and **_accuracy_** of

3  the negative consumer credit accounts reported by each of them, **_otherwise their_**

4  **_immediate deletion from his credit file_**.

5      **82.**    Upon receipt of Plaintiff's disputes these same Defendant's C.O.B.,

6  S.F.G., F.N.B.M., L.V.N.V., R.C.S., E.I.S., T.U., EXPERIAN and Does 1-25 each

7  continued to report the [3] three disputed accounts to CRAs, without notice that the

8  accounts had been disputed by Plaintiff, all throughout the investigation period and

9  thereafter. They further failed to properly address Plaintiff's direct disputes and

10  re-disputes with them and **_failed to provide for his requested_** **"verification" and**

11  **"validation"** for these disputed negative consumer accounts.

12      **83.**    During March, April and May of 2017 Plaintiff TUCK followed up with

13  the Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., E.I.S., T.U.,

14  EXPERIAN and Does 1-25 and each one of them on multiple occasions in writing,

15  submitting and re-submitted his requests/disputes and _demanding immediate_

16  _deletion of the unverified accounts due to lack of verification,_ but each of these

17  correspondences went _unanswered, ignored,_ or were improperly handled and

18  responded to, all of his efforts and correspondences proved _unsuccessful_ in attaining

19  _Defendants' cooperation._

20      **84.**    Regardless of Plaintiffs' numerous attempts to seek Defendants'

21  cooperation Defendants' each one of them continuously, to date,  failed to answer

22  back to Plaintiff with appropriate proof of investigation or re-investigation to

23  acquire verification/validation of the information in dispute and **_totally and_**

24  **_completely failed to take corrective action_**.

25      **85.**    These inaccurate consumer credit accounts negatively reflect upon

26  Plaintiff as a consumer, borrower/debtor and they negatively impact his

27  creditworthiness and financial standing in an ever increasing way.

28

**86.** Plaintiff TUCK has suffered financial and emotional distress as a direct result of Defendants' violations, which include but are not limited to the following:

     a.   Actual damages arising from monetary losses related to denials to new credit, loss of use funds, loss of credit and loan opportunities, excessive and/or elevated interest in financial charges;

     b.   Out of pocket expenses associated with communicating with Defendants', disputing the negative credit information, and fees paid to attorneys and credit professionals for the assistance attained in the process;

     c.   Emotional distress and mental anguish associated with having derogatory credit information transmitted about Plaintiff to other people both known and unknown;

     d.   Decreased credit score and creditworthiness, which may result in the inability to obtain credit, employment or affordable housing without larger security deposits on future attempts.

**87.** Defendants' knowingly and willfully violated the FCRA. Defendant's violations include, but are not limited to the following:

     a.   Failing to inform Plaintiff about negative credit reporting made on his credit report, prior to within five (5) days of furnishing a collection account to the CRA'S, in violation of (FCRA) 15 U.S.C. §1681s-2(a)(7)(A),;

     b.   Failing to conduct a proper and complete investigation of disputed negative consumer credit information upon the receipt of Plaintiff TUCK's disputes in violation of (FCRA) 15 U.S.C.§1681s-2(a)(8)(E);

     c.   Verifying disputed accounts with the CRA'S prior to conducting a thorough investigation and without having substantiating support for such verification;

     d.   Reporting disputed information to the CRAs, without notice of Plaintiff's dispute, during the investigation period and prior to providing verification of accuracy in violation of (FCRA) 15 U.S.C.§1681s-2(a)(3);

e.   Out of pocket expenses associated with the communication with Defendants, disputing the negative consumer credit information, and fees paid to attorneys and credit professionals for their assistance attained in the process.;

**88.**   The (FCRA) 15 U.S.C.§1681b defines the *permissible purpose* for which a person may obtain a consumer credit report.

**89.**   Such *permissible purposes* as defined by (FCRA) 15 U.S.C.§1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

**90.**   Plaintiff TUCK has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, nor received a bona fide offer of credit from any/all of the Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., E.I.S., T.U., EXPERIAN and Does 1-25.

**91.**   At *no time* did Plaintiff TUCK give his consent for Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., and Does 1-25 , to acquire his consumer credit report from *any* consumer reporting agency ("CRA").

**92.**   Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., and Does 1-25 have demonstrated willful and/or knowing non-compliance with the (FCRA), 15 U.S.C.§1681b and repeatedly violating plaintiff TUCK's right to privacy.

**93.**   Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., E.I.S., T.U., EXPERIAN and Does 1-25, had a ***duty*** to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's consumer credit  report or reporting on his credit file.

**94.**   Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., E.I.S., T.U., EXPERIAN and Does 1-25 , ***breached said duty by failing to do so.***

**WHEREFORE,**  Plaintiff, ROY TUCK, respectfully requests judgement be entered against Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., E.I.S., T.U., EXPERIAN and Does 1-25 for the following:

95.  Declaratory judgement that the Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., E.I.S., T.U., EXPERIAN and Does 1-25 illegal conduct violated the Fair Credit Reporting Act  (FCRA) 15 U.S.C. §1681s-2 *et seq.*

96.  Statutory damages of $1,000.00 for each violation pursuant to the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681s-2 *et seq.* Costs and reasonable attorneys fees pursuant to the Fair Credit Reporting Act  (FCRA) 15 U.S.C. §1681s-2 *et seq.* Any other relief that this Honorable Court deems appropriate.

## VII.   FOURTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CIVIL CODE §1788 et seq.
### BY DEFENDANT'S C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., E.I.S., T.U., EXPERIAN and Does 1-25

97.  Plaintiff TUCK re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in the above paragraphs 1 thru 97 herein.

98.  Plaintiff is a *consumer* within the meaning of 15 U.S.C. §1692 *et seq.*

99.  Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., and Does 1-25 are *seeking to collect a consumer debt* from Plaintiff TUCK as defined by California Civil Code §1788.10(f).

100.  The credit account[s] in question is consumer credit transaction as defined by California Civil Code §1788.2(e) as Plaintiff TUCK has allegedly received property or money from Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., and Does 1-25 or TUCK has received an extension of credit, services or money which was used primarily for personal, family, or household purposes.

101.  Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., and Does 1-25 have damaged Plaintiff TUCK by violations of California Civil Code §1788 as follows:

**a.** §1788.10(c) debt collector Defendant's C.O.B., S.F.G., F.N.B.M.,

L.V.N.V., R.C.S., and Does 1-25 negative credit reporting knows will defame the alleged debtor TUCK.

    **b.** §1788.10(f) threat by Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., and Does 1-25 to take action which is prohibited by this title.

    **c.** §1788.11(e) constitutes harassment.

    **d.** §1788.12(c) communication .. Deadbeat list (Debt Report)

    **e.** §1788.13(j) false representation .. threatening service termination .. unless payment is made.

    **f.** §1788.17 shall comply with provisions of §1692b to §1692j; subject to §1692k.

    **WHEREFORE,** Plaintiff TUCK demands judgement for damages against Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., and Does 1-25 for statutory damages of $1,000.00 U.S. dollars, attorneys fees pursuant to §1788.30(b) and costs, pursuant to §1788.30©.

### DEMAND FOR JURY TRIAL

    Plaintiff hereby demands a trial by jury of all issues, so triable as a matter of law.

                            Respectfully submitted,

Dated this_____day of April 2017

                            **ROY TUCK, PLAINTIFF IN PRO SE**

1

## VERIFICATION OF ROY TUCK

2     1.     I, ROY TUCK, declare as follows:

3     2.     I am of age, sound mind and competent to testify to facts based on firsthand knowledge of all of the above items as so stated herein.

4

5     3.     I have been damaged financially, credit wise, socially and emotionally as a result of Defendant's C.O.B., S.F.G., F.N.B.M., L.V.N.V., R.C.S., and Does 1-25 unlawful actions and numerous violations as so stated in the attached Complaint . . .

6

7     4.     I have read all of the foregoing pleadings and know the facts therein so stated To be true and correct to the best of my knowledge.

8

9     5.     I declare, under the penalty of perjury to the laws of the state of California, that the foregoing is true and correct to the best of my knowledge, information and belief.

10

11

12

13 Dated this_____day of June 2017

14 _____

15     **ROY TUCK, PLAINTIFF IN PRO SE**

16

17

18

19

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

Roy Tuck                          **CERTIFIED 7014 0510 0001 2049**
1600 E. Vista Way #85
Vista, CA 92084
Ph: 760-840-155

LVNV
Attention Legal Department
P.O. BOX 10497
Greenville, SC, 29603
(888) 665-0374

Re; Roy Tuck, Account No.: 412117411101*
     Alleged Consumer Debt amount $ 586

February 4, 2017

Attention LVNV.,

Thank you for your recent inquiry. This is not a refusal to pay, but a notice that your alleged claim is hereby "**disputed**".

This is a request for "**validation**" made pursuant to the United States Fair Debt Collection Practices Act, [FDCPA]. ***Please complete and return the attached disclosure request form***.

Please be advised that I am not requesting a "verification" that you have my new mailing address above-listed, I am requesting a "**validation**:" that is, competent evidence that I have some *contractual obligation to pay you*, anything.

You should also be aware that sending alleged unsubstantiated demands for payment through the United States Mail System might constitute mail fraud under federal and state law.

Your failure to satisfy this request within the requirements of the Fair Debt Collection Practices Act will be construed as your absolute waiver of any and all claims against me, and your tacit agreement to compensate me for costs and attorneys fees.

               Sincerely,

               Roy Tuck

PS: ***Please complete and return the attached disclosure request form***
    I have enclosed a photocopy of my identification as well.

## CREDITOR DISCLOSURE STATEMENT

Name and Address of Collector (assignee): _____

_____

Name and Address of Debtor: _____

_____

Account Number(s): _____

What are the terms of assignment for this account? You may attach a facsimile of any records relating to such terms.

_____

_____

Have any insurance claims been made by any creditor been made by any creditor or assignee regarding this account? Yes /no

Has the purported balance of this account been used in any tax deduction claim? Yes / no

Please list the particular products or services sold by the collector to the debtor and the dollar amount of each:

_____

_____

Upon failure or refusal of collector to validate this collection action, collector agrees to waive all claims against the debtor named herein and pay debtor for all costs and attorney fees involved in defending this collection action.

X_____        _____
Authorized signature for Collector                    Date

Please return this completed form and attach all assignment or other transfer agreements that would establish your right to collect this debt. Your claim cannot be considered if any portion of this form is not completed and returned with the required documents. This is a request for validation made pursuant to the Fair Debt Collection Practices Act. If you do not respond as required by this law, your claim will not be considered and you may be liable for damages for continued collection efforts.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "B"

Roy Tuck                    **CERTIFIED 7014 0510 0001 2053**
1600 E. Vista Way #110
Vista, CA 92084
Ph: 760-840-1551

RESURGENT CAPITOL SERVICES
55 Beattie Place, #110
Greenville, SC 29601
(866) 464-1187

Re; Roy Tuck, Account Number: ************3933
    Alleged Consumer Debt amount $ 586.80

February 25, 2017

Attention RESURGENT.,

Thank you for your recent inquiry. This is not a refusal to pay, but a notice that your alleged
claim is hereby "**disputed**".

This is a request for "**validation**" made pursuant to the United States Fair Debt Collection Practices
Act, [FDCPA]. *Please complete and return the attached disclosure request form*.

Please be advised that I am not requesting a "verification" that you have my new mailing address
above-listed, I am requesting a "**validation**:" that is, competent evidence that I have some
*contractual obligation to pay you*, anything.

You should also be aware that sending alleged unsubstantiated demands for payment through the
United States Mail System might constitute mail fraud under federal and state law.

Your failure to satisfy this request within the requirements of the Fair Debt Collection Practices Act
will be construed as your absolute waiver of any and all claims against me, and your tacit agreement
to compensate me for costs and attorneys fees.

Sincerely,

Roy Tuck

PS: *Please complete and return the attached disclosure request form*

# CREDITOR DISCLOSURE STATEMENT

Name and Address of Collector (assignee): _____

_____

Name and Address of Debtor: _____

_____

Account Number(s): _____

What are the terms of assignment for this account? You may attach a facsimile of any records relating to such terms.

_____

_____

Have any insurance claims been made by any creditor been made by any creditor or assignee regarding this account? Yes /no

Has the purported balance of this account been used in any tax deduction claim? Yes / no

Please list the particular products or services sold by the collector to the debtor and the dollar amount of each:

_____

_____

Upon failure or refusal of collector to validate this collection action, collector agrees to waive all claims against the debtor named herein and pay debtor for all costs and attorney fees involved in defending this collection action.

X_____        _____
Authorized signature for Collector              Date

Please return this completed form and attach all assignment or other transfer agreements that would establish your right to collect this debt. Your claim cannot be considered if any portion of this form is not completed and returned with the required documents. This is a request for validation made pursuant to the Fair Debt Collection Practices Act. If you do not respond as required by this law, your claim will not be considered and you may be liable for damages for continued collection efforts.

# EXHIBIT "C"

**Personal & Confidential**
Roy Tuck
1600 E. Vista Way #110
Vista, CA 92084
Ph: 760-840-1551

RESURGENT CAPITOL SERVICES
55 Beattie Place, #110
Greenville, SC 29601
(866) 464-1187

Re; Roy Tuck, Account Number: ***********3933
     Alleged Consumer Debt amount $ 586.80

April 3, 2017

Attention RESURGENT CAPITOL SERVICES. ,

I have received no reply to my previous letter from you dated March 10, 2017.
***To date you have done NOTHING of what I have asked of you informally.***

I have asked your agency now on the past two written demand communications to provide me any/all
documentation from RESURGENT CAPITOL SERVICES,  that has my original person signature on it
with your agencies *letterhead* or *like-wise* documentation which would ***clearly validate and verify the
alleged consumer debt***, i.e and provide me account verification. *I don't want to see another companies
statements I want to see yours* [RESURGENT CAPITOL SERVICES] with my ***original*** signature placed
upon them.

This is a 2ND mailed notice that your alleged claim is hereby "**re-disputed**".
I am hereby requesting a 2ND re-investigation into these alleged account[s] not a pile of papers from
**CREDIT ONE BANK, N.A.** all unverified or un-validated useless paperwork [without my signature].
This is a request for "**validation/verification**" made pursuant to the United States Fair Debt Collection
Practices Act, [FDCPA]. ***Please complete and return the attached disclosure request form***.

Please be advised that I am not requesting a "verification" that you have my new mailing address above-
listed, I am requesting a 2ND "**validation**:" that is, **competent evidence that I have some *contractual
obligation to pay you*, anything**.

You should also be aware that sending alleged unsubstantiated demands for payment through the United
States Mail System might constitute mail fraud under federal and state law.

Your failure to satisfy this request within the requirements of the Fair Debt Collection Practices Act will
be construed as your absolute waiver of any and all claims against me, and your tacit agreement to
compensate me for costs and attorneys fees.

Sincerely,

*Roy Tuck*
Roy Tuck

PS: *Please complete and return the attached disclosure request form*
     I have enclosed a photocopy of my identification as well.

## CREDITOR DISCLOSURE STATEMENT

Name and Address of Collector (assignee): _____

_____

Name and Address of Debtor: _____

_____

Account Number(s): _____

What are the terms of assignment for this account? You may attach a facsimile of any records relating to such terms.

_____

_____

Have any insurance claims been made by any creditor been made by any creditor or assignee regarding this account? Yes /no

Has the purported balance of this account been used in any tax deduction claim? Yes / no

Please list the particular products or services sold by the collector to the debtor and the dollar amount of each:

_____

_____

Upon failure or refusal of collector to validate this collection action, collector agrees to waive all claims against the debtor named herein and pay debtor for all costs and attorney fees involved in defending this collection action.

X_____          _____
Authorized signature for Collector          Date

**Please return this completed form and attach all assignment or other transfer agreements that would establish your right to collect this debt. Your claim cannot be considered if any portion of this form is not completed and returned with the required documents. This is a request for validation made pursuant to the Fair Debt Collection Practices Act. If you do not respond as required by this law, your claim will not be considered and you may be liable for damages for continued collection efforts.**

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "D"

VIA U.S. MAIL
**Personal & Confidential**
Roy Tuck
1600 E. Vista Way #85
Vista, CA 92084
Ph: 760-840-155

LVNV
Attention Legal Department
P.O. BOX 10497
Greenville, SC, 29603
(888) 665-0374

Re; Roy Tuck, Account No.: 412117411101*
    Alleged Consumer Debt amount $ 586

April 4, 2017

Attention LVNV,

I have received no reply to my previous letter from you dated February 04, 2017.
*__To date you have done NOTHING of what I have asked of you informally.__*

I had asked your agency on the past written demand communication, dated February 04, 2017, to provide me any/all documentation from LVNV that has my original person signature on it with your agencies *letterhead* or *like-wise* documentation which would *__clearly validate and verify the alleged consumer debt__*, i.e and provide me account verification. *__I don't want to see another companies statements I want to see yours__* [LVNV 's] with my *__original__* signature placed upon them.

This is a 2nd mailed notice that your alleged claim is hereby "**__re-disputed__**".
I am hereby requesting a re-investigation into these alleged account[s] not a pile of papers from
**CREDIT ONE BANK** all unverified or un-validated useless paperwork [without my signature].
This is a request for "**validation/verification**" made pursuant to the United States Fair Debt Collection Practices Act, [FDCPA]. *__Please complete and return the attached disclosure request form.__*

Please be advised that I am not requesting a "verification" that you have my new mailing address above-listed, I am requesting a 2ND "**validation:**" that is, **__competent evidence that I have some contractual obligation to pay you, anything__**.

You should also be aware that sending alleged unsubstantiated demands for payment through the United States Mail System might constitute mail fraud under federal and state law.

Your failure to satisfy this request within the requirements of the Fair Debt Collection Practices Act will be construed as your absolute waiver of any and all claims against me, and your tacit agreement to compensate me for costs and attorneys fees.

Sincerely,

Roy Tuck

PS: *__Please complete and return the attached disclosure request form__*
    I have enclosed a photocopy of my identification as well.

## CREDITOR DISCLOSURE STATEMENT

Name and Address of Collector (assignee): _____

_____

Name and Address of Debtor: _____

_____

Account Number(s): _____

What are the terms of assignment for this account? You may attach a facsimile of any records relating to such terms.

_____

_____

Have any insurance claims been made by any creditor been made by any creditor or assignee regarding this account? Yes /no

Has the purported balance of this account been used in any tax deduction claim? Yes / no

Please list the particular products or services sold by the collector to the debtor and the dollar amount of each:

_____

_____

Upon failure or refusal of collector to validate this collection action, collector agrees to waive all claims against the debtor named herein and pay debtor for all costs and attorney fees involved in defending this collection action.

X_____        _____
Authorized signature for Collector              Date

**Please return this completed form and attach all assignment or other transfer agreements that would establish your right to collect this debt. Your claim cannot be considered if any portion of this form is not completed and returned with the required documents. This is a request for validation made pursuant to the Fair Debt Collection Practices Act. If you do not respond as required by this law, your claim will not be considered and you may be liable for damages for continued collection efforts.**

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.





1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "E.1"

## Credit Account Information
*(For your security, the last 4 digits of account number(s) have been replaced by ?) (This section includes open and closed accounts reported by credit grantors)*

### Account Column Title Descriptions:

Account Number - The Account number reported by credit grantor
Date Acct. Opened - The Date that the credit grantor opened the account
High Credit - The Highest Amount Charged
Credit Limit - The Highest Amount Permitted
Terms Duration - The Number of Installments or Payments
Terms Frequency - The Scheduled Time Between Payments
Months Reviewed - The Number of Months Reviewed
Activity Designator - The Most Recent Account Activity
Creditor Class - The Type of Company Reporting The Account
Date Reported - The Date of Last Reported Update
Balance Amount - The Total Amount Owed as of the Date Reported
Status - Condition of Account When Last Updated by Creditor or Otherwise

Amount Past Due - The Amount Past Due as of the Date Reported
Date of Last Paymnt - The Date of Last Payment
Actual Pay Amt - The Actual Amount of Last Payment
Sched Pay Amt - The Requested Amount of Last Payment
Date of 1st Delinquency - The Date of First Delinquency
Date of Last Activity - The Date of the Last Account Activity
Date Maj Delq Rptd - The Date the 1st Major Delinquency Was Reported
Charge Off Amt - The Amount Charged Off by Creditor
Deferred Pay Date - The 1st Payment Due Date for Deferred Loans
Balloon Pay Amt - The Amount of Final(Balloon) Payment
Balloon Pay Date - The Date of Final(Balloon) Payment
Date Closed - The Date the Account was Closed

### Account History

**Status Code Descriptions**

1 : 30-59 Days Past Due
2 : 60-89 Days Past Due
3 : 90-119 Days Past Due
4 : 120-149 Days Past Due

5 : 150-179 Days Past Due
6 : 180 or More Days Past Due
G : Collection Account
H : Foreclosure

J : Voluntary Surrender
K : Repossession
L : Charge Off

### Credit One Bank
PO Box 98873 Las Vegas NV 89193-8873 ; (702) 269-1000

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Date of 1st Delinquency | Date of Last Activity | Date Maj. Def. 1st Rptd | Months Rev'd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 412117411101* | 04/01/2016 | $587 | $300 | | Monthly | 06/2016 | | 12/2016 | 10 | Transfer/Sold | Credit Card |

| | Items As of<br>Date Reported<br>05/02/2017 | Balance<br>Amount<br>$0 | Date of<br>Last Paymnt | High Credit | Scheduled<br>Paymnt Amount | Actual<br>Paymnt. Amount | Date of 1st<br>Delinquency<br>06/2016 | Date of<br>Last Activity | Date Maj.<br>Def. 1st Rptd<br>12/2016 | Charge Off<br>Amount | Deferred Pay<br>Start Date | Balloon Pay<br>Amount | Date<br>Closed |

Status - Charge Off: Type of Account - Revolving; Type of Loan - Credit Card; Whose Account - Individual Account;  ADDITIONAL INFORMATION - Account Transferred or Sold; Charged Off Account; Credit Card;

### Account History
with Status Codes

| 03/2017 | 01/2017 | 12/2016 | 11/2016 | 10/2016 | 09/2016 | 08/2016 | 07/2016 |
|---|---|---|---|---|---|---|---|
| L | L | 6 | 5 | 4 | 3 | 2 | 1 |

### Historical Account Information

| | Date Opened | High Credit | Terms Duration | Amount<br>Past<br>Due | Date Ma.<br>Def. 1st Rptd | Charge Off<br>Amount | Type of<br>Loan | Activity<br>Designator |
|---|---|---|---|---|---|---|---|---|
| Balance | Scheduled<br>Payment<br>Amount | Actual<br>Payment<br>Amount | Date of<br>Last<br>Payment | High<br>Credit | Credit<br>Limit | | | |
| 04/17 | No Data Available | | | | | | | |
| 03/17 | $0 | | | | $587 | $300 | | Credit Card |

( Continued On Next Page )

# EQUIFAX

**CREDIT FILE : May 2, 2017**

**Confirmation # 7122052559**

*Please address all future correspondence to:*

www.investigate.equifax.com
Equifax Information Services LLC
PO Box 105285
Atlanta GA 30348

(800) 377-6568
M - F 9:00am to 5:00pm in your time zone.

**Personal Identification Information**   *(This section includes your name, current and previous addresses, and any other identifying information reported by your creditors.)*

Name On File:          Roy Eugene Tuck
Social Security #        XXX-XX-4175   Date of Birth: July 1, 1959
Current Address:        1600 E Vista Way Sp 85, Vista, CA 92084   Reported: 05/2017
Previous Address(es):   4182 Galbar Pl, Oceanside, CA 92056   Reported: 05/2017
                        PO Box 1416, Vista, CA 92085   Reported: 05/2017
                        131 Nixon Cir, Oceanside, CA 92057   Reported: 04/2017
                        5465 El Arbol Dr., Carlsbad, CA 92008   Reported: 04/2017
                        2859 Mountain View Dr., Escondido, CA 92027   Reported: 04/2017
                        413 Silver Spur Way, San Marcos, CA 92069   Reported: 04/2017
                        4520 Adams St, Carlsbad, CA 92008   Reported: 04/2017

Last Reported Employment:   Sunset Palm Tree Svc;
Previous Employment(s):     Sunset Palm Tree Svc;
                            Self;

**ALERT(s):   Extended Fraud Alert**

## File Blocked For Promotional Purposes

ALERT(s):   Expiration Date: 05/18/2023 ; Date Reported: 05/18/2016 ; Daytime Phone: 760-840-1551 ;

## Public Record Information

*This section include public record items Equifax obtained from local, state and federal courts through a third party vendor, LexisNexis.*

Contact Information:
LexisNexis Consumer Center
P.O. Box 105615
Atlanta, GA 30348-5108
https://equifaxconsumers.lexisnexis.com

Satisfied Judgment Filed 12/2013; San Diego County Superior Court; Case or ID # - 201300302340; Defendant - TUCK Roy; Amount- $2,900 ; Plaintif - Nancee Nayab; Status - Satisfied; Satisfied 12/2013; **Address**:325 S MELROSE DR VISTA, CA 92081-6627 ;(760) 201-8600

EXHIBIT "E.2"

# ●● experian™



Prepared for: ROY EUGENE TU...
Date: April 28, 201...
Report number: 2180-0443-06

Page 4 of 10

Your accounts that may be considered negative (continued)

## FIREFIGHTERS FIRST CU
815 COLORADO BLVD
LOS ANGELES CA 90041
**Phone number**
(323) 254 1700
**Partial account number**
5820093......
**Address identification number**
018153014141

| Date opened | Type | Credit limit or original amount | Recent balance | Responsibility |
|---|---|---|---|---|
| Jun 2007 | Auto Loan | Not reported | Not reported | Individual |
| **First reported** | **Terms** | | | **Status** |
| Jul 2007 | 66 Months | $23,149 | | Paid, Closed. |
| **Date of status** | **Monthly payment** | **High balance** | | |
| Oct 2012 | Not reported | Not reported | | |

**Payment history**

2012
2011
2007

OCT AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL

2010

2009

APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY APR MAR FEB JAN DEC NOV OCT SEP AUG JUL JUN MAY

2008

## LVNV FUNDING, LLC
PO BOX 10497
GREENVILLE SC 29603
**Phone number**
(866) 464 1183
**Partial account number**
41211741110 1......
**Address identification number**
0222697745
**Original creditor** CREDIT ONE BANK,
N.A.

| Date opened | Type | Credit limit or original amount | Recent balance | Responsibility |
|---|---|---|---|---|
| Jan 2017 | Debt Buyer | Not reported | $586 as of Apr 2017 | Individual |
| **First reported** | **Terms** | | | **Status** |
| Feb 2017 | 1 Months | Not reported | | Collection account. $586 |
| **Date of status** | **Monthly payment** | **High balance** | | past due as of Apr 2017. |
| Feb 2017 | Not reported | Not reported | | This account is scheduled to continue on record until Mar 2023. |
| | | | | **Comment** |
| | | | | Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act). This item was updated from our processing of your dispute in Apr 2017. |

**Payment history**

2017

APR MAR FEB

| | Mar17 | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **AB** | 587 | | | | | | | | | |
| **DPR** | ND | | | | | | | | | |
| **SPA** | ND | | | | | | | | | |
| **AAP** | ND | | | | | | | | | |

**Account history** – *If your creditor reported your account balances to us, we list them in this section as additional information about your account. Your balance history may also include your credit limit and high balance or the original loan amount for an installment loan). This section also includes the scheduled payment amounts, amounts actually paid and the dates those payments were made.*

[AB] = Account balance ($)     [DPR] = Date payment received     [SPA] = Scheduled payment amount ($)     [AAP] = Actual amount paid ($)

0207895436

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT "E.3"

**Firefighters First** : 815 Colorado Blvd Los Angeles CA 90041-1720 ; (323) 550-2205

Account Number 5820093*

| Items As of<br>Date Reported | Balance<br>Amount | Date of<br>Last Payment | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification | |
|---|---|---|---|---|---|---|---|---|---|---|
| 11/30/2012 | $0 | 06/01/2007 | $23,149 | | 66 Months | Monthly | 65 | Paid and Closed | | |

| Date of<br>Last Activity | Date Maj<br>Del. 1st Pptd | Charge Off<br>Amount | Deferred Pay<br>Start Date | Balloon<br>Pay Amount | Date<br>Closed |
|---|---|---|---|---|---|
| 10/2012 | | | | | 10/2012 |

Status - 30 - 59 Days Past Due ; Type of Account - Installment; Type of Loan - Auto; Whose Account - Individual Account; ADDITIONAL INFORMATION - Consumer Disputes This
Balance ; Auto; Fixed Rate;

Account History   10/2012   08/2012   03/2012
with Status Codes                1             1              1

---

**Lvnv Funding LLC** : PO Box 10497 Ste 110, Ms 576 Greenville SC 29603-0497 ; (866) 464-1187

Account Number 41211741101*

| Items As of<br>Date Reported | Balance<br>Amount | Date of<br>Last Payment | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification | |
|---|---|---|---|---|---|---|---|---|---|---|
| 05/02/2017 | $586 | 01/12/2017 | $586 | $0 | | | 99 | Paid and Closed | Financial | |

| Amount<br>Past Due | Scheduled<br>Payment Amount | Date of 1st<br>Delinquency | Date of<br>Last Activity | Date Maj<br>Del. 1st Pptd | Charge Off<br>Amount | Deferred Pay<br>Start Date | Balloon Pay<br>Amount | Date<br>Closed |
|---|---|---|---|---|---|---|---|---|
| $586 | $463 | 06/2016 | 10/2012 | 03/2017 | 19 | | | 04/2004 |

Status - Collection Account; Type of Account - Open; Type of Loan - Debt Buyer Account; Whose Account - Individual Account; ADDITIONAL INFORMATION - Closed or Paid Account/Zero
Account Information; Collection Account;

Account History   04/2017   03/2017
with Status Codes      G            G

### Historical Account Information

| | Balance | Scheduled<br>Payment<br>Amount | Actual<br>Payment<br>Amount | Date of<br>Last<br>Payment | High<br>Credit | Credit<br>Limit | Amount<br>Past<br>Due | Type of<br>Loan | | Activity<br>Designator |
|---|---|---|---|---|---|---|---|---|---|---|
| 03/17 | $587 | | | | $587 | | $0 | Debt Buyer Account | | |
| 04/17 | No Data Available | | | | | | | | | |

---

**San Diego Metropolitan Cu** : 5555 Mildred St San Diego CA 92110-2433 ; (619) 297-4895

Account Number 6028621*

| Items As of<br>Date Reported | Balance<br>Amount | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification | |
|---|---|---|---|---|---|---|---|---|---|---|
| 02/01/2011 | $0 | 0201/2001 | $11,665 | | 59 Months | Monthly | | Paid and Closed | | |

| Amount<br>Past Due | Scheduled<br>Payment Amount | Date of 1st<br>Delinquency | Date of<br>Last Activity | Date Maj<br>Del. 1st Pptd | Charge Off<br>Amount | Deferred Pay<br>Start Date | Balloon Pay<br>Amount | Date<br>Closed |
|---|---|---|---|---|---|---|---|---|
| $0 | $270 | 03/2004 | 03/2017 | | | | | 04/2004 |

Status - Pays As Agreed; Type of Account - Installment; Type of Loan - Auto; Whose Account - Individual Account; ADDITIONAL INFORMATION - Closed or Paid Account/Zero Balance;

---

**Wells FARGO DLR Svc/Mac/l DLS** : D1644-01Y 1451 Thomas Langston R Winterville NC 28590-8872 ; (800) 289-8004

Account Number 5181507S*

| Items As of<br>Date Reported | Balance<br>Amount | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification | |
|---|---|---|---|---|---|---|---|---|---|---|
| 07/01/2007 | $0 | 12/01/2005 | $26,373 | | 72 Months | Monthly | | Paid and Closed | | |

| Amount<br>Past Due | Scheduled<br>Payment Amount | Date of 1st<br>Delinquency | Date of<br>Last Activity | Date Maj<br>Del. 1st Pptd | Charge Off<br>Amount | Deferred Pay<br>Start Date | Balloon Pay<br>Amount | Date<br>Closed |
|---|---|---|---|---|---|---|---|---|
| $0 | | | 06/2007 | | | | | 06/2007 |

Status - Pays As Agreed; Type of Account - Installment; Type of Loan - Auto; Whose Account - Joint Account; ADDITIONAL INFORMATION - Closed or Paid Account/Zero Balance;

( Continued On Next Page )

7122052659GHR-002552041- 4376 - 4880 - ASD



PRESS FIRMLY TO SEAL

**PRIORITY**
★ MAIL ★

 DATE OF DELIVERY SPECIFIED*

 USPS TRACKING™ INCLUDED*

 INSURANCE INCLUDED*

🚚 PICKUP AVAILABLE

\* Domestic only

**CPU** 

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

JUN 3 0 2017
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
RECEIVED

FROM:



**PRIORITY**
★ MAIL ★
CAPTAIN ROY TUCK
1600 E. VISTA WAY #85
VISTA, CA  92084

**USPS** **UNITED STATES**
**POSTAL SERVICE** ®
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE


United States District Court
Southern District of California
Office of the Clerk
333 West Broadway, Suite 420
San Diego, CA  92101

